# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KMMENTOR, L.L.C., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2381-KHV |
| **KNOWLEDGE MANAGEMENT** ) | |
| **PROFESSIONAL SOCIETY, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

KMMentor, L.L.C, and Douglas Weidner bring suit against Knowledge Management Professional Society, Inc. ("KMPS"), Hudson Associates Consulting, Inc. ("Hudson"), Daniel Kirsch, John Leitch and Wayne Huleman alleging copyright infringement and contributory copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq., infringement of trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), cybersquatting in violation of Section 3002(a) of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1), false advertising in violation of Section 18.2-216 of the Virginia Code, conspiracy to injure trade, business or profession in violation of Section 18.2-499 of the Virginia Code and common law claims of fraud, conversion, unfair competition, breach of contract, unjust enrichment, misappropriation of trade secrets and defamation.

KMPS and Hudson (collectively "third-party plaintiffs") assert 13 counterclaims, and bring third-party claims against Triple-I Corporation, Inc., International Knowledge Management Institute, L.L.C. ("IKMI"), Eric Weidner and Ronald Dysvick alleging trademark infringement and contributory trademark infringement in violation of 15 U.S.C. § 1114, unfair competition in violation of 15 U.S.C. § 1125(a),

cybersquatting in violation of 15 U.S.C. § 125(d), violations of state law, including the Revised Kansas Trademark Act, K.S.A. § 81-201 et seq., and the Virginia Computer Crimes Act, Va. Code Ann. § 18.2-152.1 et seq., and common law claims, including unfair competition, tortious interference with business expectancies, conspiracy to tortiously interfere, infringe marks and unfairly compete, breach of contract, conversion and fraud.

This matter comes before the Court on the Third-Party Defendants International Knowledge Management Institute, LLC and Eric Weidner's Motion To Strike And Dismiss Third-Party Complaint (Doc. #39) filed September 25, 2006, and the Separate Third-Party Defendant Ronald Dysvick's Motion To Strike Third-Party Complaint (Doc. #44) filed September 29, 2006. For the reasons below, the Court sustains the motions.

Third-party claims are governed by Rule 14(a), Fed. R. Civ. P., which provides as follows:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Third-party claims asserted under Rule 14(a) must involve liability of the third-party plaintiff to the original plaintiff that may be passed on to the third-party defendant; third-party claims may not be asserted under Rule 14(a) simply because those claims involve the same general background as the original claim. Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard, 216 F.R.D. 511, 513 (D. Kan. 2003). Indeed, the provision for impleading parties under Rule 14(a) is narrow as the third-party claim must be derivative of the original claim. King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 n.1 (10th Cir. 1990).

IKMI, Weidner and Dysvick correctly argue that the third-party claims do not allege the derivative liability against them as required by Rule 14(a). In fact, third-party plaintiffs admit as much in their response, conceding that the third-party complaint does not allege that IKMI and Weidner are or may be liable to them for all or part of plaintiff's claims against them, as contemplated by Rule 14.[1] This admission is fatal to their third-party claims. Because the third-party claims against IKMI, Weidner and Dysvick are not premised on derivative liability as required under Rule 14(a), the Court sustains the motions to strike.[2] See Fed. R. Civ. P. 14(a) (striking improper third-party claim is appropriate remedy).

Third-party plaintiffs argue that granting the motions will force them to file a separate complaint against IKMI, Weidner and Dysvick. The Court notes that such action will not be necessary as third-party plaintiffs have asserted identical claims against IKMI, Weidner and Dysvick in another action pending before the Court. See Hudson Consulting Assocs., Inc. v. Weidner, No. 06-2461-KHV (D. Kan. Oct. 24, 2006).

**IT IS THEREFORE ORDERED** that the Third-Party Defendants International Knowledge Management Institute, LLC and Eric Weidner's Motion To Strike And Dismiss Third-Party Complaint

---

[1] Although third-party plaintiffs make vague references to Dysvick in their response and include Dysvick's motion to strike as an attachment to their response, they do not specifically address Dysvick's argument that he is not derivatively liable to plaintiffs. As with the third-party claims against IKMI and Weidner, the Court concludes that third-party plaintiffs have not alleged derivative liability necessary to sustain their third-party claims against Dysvick.

[2] In an attempt to salvage their third-party claims, third-party plaintiffs argue that the Court should overlook the Rule 14 requirements and permit the claims based on convenience and judicial economy. Third-party plaintiffs appear to be asking the Court to assert ancillary jurisdiction under Rule 18(a), Fed. R. Civ. P. The foundation for such jurisdiction, however, requires a proper third-party claim. See First Golden Bancocorporation v. Weiszmann, 942 F.2d 726, 730 (10th Cir. 1991). Because third-party plaintiffs have not alleged a proper third-party claim, ancillary jurisdiction cannot be established here. Id.

(Doc. #39) filed September 25, 2006, and the <u>Separate Third-Party Defendant Ronald Dysvick's Motion To Strike Third-Party Complaint</u> (Doc. #44) filed September 29, 2006 be and hereby are **SUSTAINED**. International Knowledge Management Institute, L.L.C., Eric Weidner and Ronald Dysvick are dismissed from the case. Triple-I Corporation, Inc. remains a third-party defendant.

Dated this 19th day of December, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge