**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| THE TRIPLE-I CORPORATION, | ) | **CONSOLIDATED CASES** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.06-2195-EFM-KMH |
| | ) | |
| HUDSON ASSOCIATES CONSULTING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| KMMENTOR, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.06-2381-EFM-KMH |
| KNOWLEDGE MANAGEMENT PROFESSIONAL SOCIETY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| HUDSON ASSOCIATES CONSULTING, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.06-2461-EFM-KMH |
| | ) | |
| ERIC WEIDNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Triple-I's Motions for Judgments on the Pleadings (Docs. 312 and 376 in Case 06-2195; Docs. 43 and 50 in 06-2461; Docs. 69 and 75 in 06-2381). For the following reasons, the Court denies the motions in part and grants the motions in part. The motions at Docs.

312 and 376 in Case 06-2195, and Docs. 43 and 50 in 06-246 are denied. The motion at Doc. 69 in 06-238 is granted, which renders Doc. 75 (as well as Docs. 93, 94, and 95) moot.

## I. Facts

Highly summarized, these three consolidated cases involve claims and counterclaims related to "knowledge management" services. Triple-I Corporation ("Triple-I") filed the first case (Case No. 06-2195) against Hudson Associates Consulting, Inc. ("Hudson") and Knowledge Management Professional Society ("KMPro") (collectively the "KMPro parties"). The KMPro parties counterclaimed against Triple-I. KMMentor and Douglas Weidner filed the second case (Case No. 06-2381) against KMPro, Hudson, Daniel Kirsch, John Leitch, and Wayne Hulehan. The KMPro parties counterclaimed and asserted a third-party complaint against Triple-I, Ronald Dysvick, Eric Weidner, and International Knowledge Management Institute ("IKMI"). Hudson, KMPro, and Dan Kirsch brought the third case (Case No. 06-2461) against Eric Weidner, Wendy Weidner, Brandon Weidner, Ronald Dysvick, Robert Spachman, IKMI, and Knowledge Central Corporation. Most of the claims in the three cases are similar and overlap one another.

Triple-I, Dysvick, Spachman, and Knowledge Central Corporation are seeking judgment on the pleadings.

## II. Legal Standard

Because responsive pleadings have already been filed, these motions are brought pursuant to Fed. R. Civ. P. 12(c) rather than Fed. R. Civ. P. 12(b)(6). This is a distinction without a difference as the standard is the same under Rule 12(c) and Rule (12)(b)(6).[1] To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and

---

[1]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[4]

## III. Analysis

Triple-I, Dysvick, Spachman, and Knowledge Central Corporation assert that they are entitled to judgment as a matter of law because Hudson has failed to set forth a claim on the following seven claims: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) state trademark acts; (4) common law unfair competition; (5) tortious interference with business expectancies; (6) contributory trademark infringement; and (7) civil conspiracy to tortiously interfere, infringe marks, and unfairly compete.[5] The Court finds that the KMPro parties have set forth sufficient factual allegations in the bodies of their complaints to survive a motion for judgment on the pleadings. The facts, assumed to be true at this juncture, raise the plausibility that the KMPro parties have a claim for relief. Accordingly, Triple-I, Dysvick, Spachman, and Knowledge Central Corporation's motions for judgments on the pleadings (Docs.

---

[2]*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[3]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[5]The Court only considered the pleadings in deciding these motions. In reviewing the complaints in the three cases, the Court notes that there are three federal marks, one Kansas mark, two Virginia marks, and two Maryland marks at issue.

312 and 376 in 06-2195; and Docs. 43 and 50 in 06-2461) are denied.[6]

With regard to Triple-I's motion in Case Number 06-2381 (Doc. 69), Triple-I asserts the additional argument that it is entitled to judgment on the pleadings because the KMPro parties do not allege derivative liability in *any* of the claims asserted against Triple-I.[7] Third-party claims are governed by Fed. R. Civ. P. 14(a) which provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or maybe liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

As the Court stated in a previous order, "[t]hird-party claims asserted under Rule 14(a) must involve liability of the third-party plaintiff to the original plaintiff that may be passed on to the third-party defendant; third-party claims may not be asserted under Rule 14(a) simply because those claims involve the same general background as the original claim."[8]  "Indeed, the provision for impleading parties under Rule 14(a) is narrow as the third-party claim must be derivative of the original claim."[9]

The KMPro parties concede the fact that there is no derivative liability asserted.[10]  The admission is fatal to their third-party claim against Triple-I.  The third-party claims against Triple-I are not appropriate under Rule 14(a) because the claims are not based on derivative liability.

---

[6] Triple-I also moves, in the alternative to judgment on the pleadings, to strike all the affirmative trademark claims on the ground that the KMPro parties failed to comply with a Status Conference Order of September 18, 2008.  The Court denies this request.

[7] There are thirteen claims asserted against Triple-I in the third-party suit.

[8] *KMMentor, L.L.C. v. Knowledge Mgmt. Prof'l Soc'y, Inc.*, 2006 WL 3759576, at *1 (D. Kan. Dec. 19, 2006) (citing *Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513(D. Kan. 2003).

[9] *Id.* (*citing King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*,893 F.2d 1155, 1158 n.1 (10th Cir. 1990).

[10] The KMPro parties assert that realignment of the parties in the three actions into two actions would be appropriate.  The Court declines to consider this issue.

Accordingly, Triple-I's motion for judgment on the pleadings (Doc. 69) is granted. As Triple-I was the only remaining defendant in the third-party case, the case is dismissed. This renders the subsequent motions (Docs. 75, 93, 94, and 95) moot.

**IT IS ACCORDINGLY ORDERED** this 10th day of July, 2009, that Triple-I, Dysvick, Spachman, and Knowledge Central Corporation's Motions for Judgment on the Pleadings (Docs. 312 and 376 in Case 06-2195; Docs. 43 and 50 in 06-2461) are hereby DENIED.

**IT IS FURTHER ORDERED** that Triple-I's Motion for Judgment on the Pleadings (Doc. 69) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Triple-I's subsequent motions in Case Number 06-2381 (Docs. 75, 93, 94, and 95) are hereby DENIED as moot. The third-party lawsuit against Triple-I in Case Number 06-2381 is DISMISSED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE