**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KMMENTOR, LLC *et al*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> KNOWLEDGE MANAGEMENT PROFESSIONAL SOCIETY, INC. *et al*. <br><br> *Defendants.* | Case No. 06-2381- EFM |

**MEMORANDUM AND ORDER**

Before the Court is the KMPro parties' Motion for Partial Summary Judgment (Doc. 78) and KMMentor's Motion to Strike Affidavit (Doc. 82). For the following reasons, the Court grants the KMPro parties' Motion for Summary Judgment and denies as moot KMMentor's Motion to Strike Affidavit.

**I. Facts**

Plaintiffs KMMentor and Douglas Weidner (collectively referred to as "KMMentor") brought suit against Knowledge Management Professional Society ("KMPro"), Hudson Associates Consulting, Inc. ("Hudson"), Dan Kirsch, John Leitch and Wayne Hulehan (collectively the "KMPro parties") asserting thirteen claims. The case was filed on June 20, 2006 in the United States District Court for the Eastern District of Virginia, but it was transferred to the District of Kansas in late

2006. In Count XII, KMMentor alleged defamation.[1] KMMentor asserted that in the late summer of 2004, defendants began publishing to internet websites and in letters directed to a variety of parties that Weidner had made statements and had engaged in various activities that were illegal and/or unlawful. Plaintiff attached the copies of various publications to the complaint and incorporated the publications by reference. Plaintiffs specifically referenced three emails or postings occurring in August of 2004 and the creation of a website. The KMPRo parties now seek summary judgment on this claim asserting that: (1) the defamation claim is time-barred; (2) all statements of fact were true; (3) the statements were qualifiedly privileged; and (4) plaintiffs cannot prove actual malice.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[2] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[3] A fact is "material" when "it is essential to the proper disposition of the claim."[4] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[5]

---

[1] While the defamation claim is asserted as Count XII, the Court notes that it is actually Count XIII because there are two Count IV's in the Complaint.

[2] Fed. R. Civ. P. 56(c).

[3] *Haynes v. Level 3 Communications*, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006).

[4] *Id.*

[5] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[6] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[7]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[8] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[10] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[11] The Court is also cognizant that it may not make credibility determinations or weigh the evidence when examining the underlying facts of the case.[12]

---

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

[7] *Id.* (citing *Celotex*, 477 U.S. at 325.)

[8] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[9] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000)(citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[10] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[11] *Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[12] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

**III. Analysis**

Virginia law applies to KMMentor's claim of defamation.[13] Under Virginia law, a defamation claim consists of: (1) the publication of; (2) a false and defamatory statement; (3) with the requisite intent.[14] "A defamation complaint, like any other civil complaint in federal court, must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' sufficient to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"[15]

There is a one-year statute of limitations on defamation claims in Virginia.[16] A cause of action for defamation arises on the date of publication.[17] KMMentor filed suit on June 20, 2006. Therefore, to bring a defamation claim, the defamatory statements must have been published on or after June 20, 2005. KMMentor admits that the one-year statute of limitations bars a defamation claim based on statements that were made prior to June 20, 2005. All statements identified as defamatory in KMMentor's Complaint fall outside the statute of limitations period because KMMentor alleges the defamatory statements occurred in August of 2004. As such, KMMentor's defamation claim is barred.

---

[13] The parties agree that Virginia law applies.

[14] *Jackson v. Hartig*, 645 S.E.2d 303, 308 (Va. 2007).

[15] *Hatfill v. New York Times Co.*, 416 F.3d 320, 329 (4th Cir. 2005) (citations omitted).

[16] Va. Code Ann. § 8.01-247.1.

[17] *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 914 (E.D. Va. 2004). Defamation claims arise at the time the statements were published and not upon discovery of the published statements. *See Bass v. E.I. Dupont De Nemours & Co.*, 28 Fed. Appx. 201, 205-06 (4th Cir. 2002) (*citing Jordan v. Shands*, 500 S.E.2d 215 (1998)).

KMMentor, however, points out three defamatory statements that allegedly occurred on July 17, 2005, December 18, 2005, and February 3, 2006. KMMentor first identified these defamatory statements in its response to the KMPro parties' motion for summary judgment on May 26, 2009. This is nearly three years after the one-year statute of limitations for defamation claims expired. In fact, at the time KMMentor's Complaint was filed on June 20, 2006, the statute of limitations had nearly run on the statement made on July 17, 2005.

While KMMentor states that it asserted in its Complaint that defendant "began publishing" defamatory statements in the late summer of 2004, the Court is unable to conclude that this statement therefore encompassed all subsequent defamatory statements. At the time KMMentor filed the Complaint on June 20, 2006, the statements made in July 2005, December 2005, and February 2006 had been published and the statute of limitations was running. Plaintiff KMMentor could have identified these statements in the Complaint, as it identified the other statements allegedly made in August of 2004. It failed to do so, and the statute of limitations has run on these claims.

The Court is cognizant that heightened pleading standards do not apply to defamation claims. However, the Court is not requiring a heightened pleading standard but rather requiring a short and plain statement giving Defendant "fair notice" of the factual allegations.[18] As KMMentor has failed to establish a genuine issue of material fact as to whether its claims are barred by the one-year

---

[18] The Court notes that in Weidner's deposition on May 5, 2008, Weidner was questioned regarding the defamatory statements that were at issue in the lawsuit. Weidner testified that although he doubted that the defamatory statements attached as Exhibit B to the Complaint (the August 2004 statements) contained all of the defamatory statements, it contained some of the defamatory statements. When questioned where the rest of the defamatory statements were, Weidner stated that the he may not be aware of additional statements, and the ones attached to the Complaint were the statements that he was aware of and complaining about in the lawsuit. *See* Doc. 89-3, pp. 8-9.

statute of limitations, the KMPro parties are entitled to summary judgment on KMMentor's defamation claim.

Because the Court did not rely on the affidavits in support of the KMPro parties' motion for summary judgment, KMMentor's Motion to Strike the Affidavits (Doc. 82) is moot.

**IT IS ACCORDINGLY ORDERED** this 22nd day of July, 2009 that the KMPro parties' Motion for Partial Summary Judgment on KMMentor's defamation claim (Doc. 78) is hereby granted.

**IT IS FURTHER ORDERED** that the Motion to Strike Affidavit (Doc. 82) is hereby denied as moot.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE